United States District Court
Southern District of Texas

**ENTERED**
April 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| JAVIER ANTONIO VELEZ-ROMERO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00730 |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is Petitioner Javier Antonio Velez-Romero's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS).

Petitioner filed his Petition for Writ of Habeas Corpus on April 22, 2026. (Dkt. 1.) Petitioner is a noncitizen who has resided in the United States over four years. (*See* Dkt. 6 at 1.) He entered without inspection on September 29, 2021, and was apprehended by ICE the same day. (*Id.*) Petitioner was placed into expedited removal and claimed a fear of return to Ecuador, then he was subsequently paroled from custody into the United States. (*Id.* at 2.) Years later, on September 3, 2025, Petitioner was reapprehended by immigration authorities and taken into custody at the Rio Grande Processing Center. (*Id.*; Dkt. 1 at 2.) DHS conducted a credible fear interview at this time, making a positive credible fear determination, and then served Petitioner with a Notice to Appear. (Dkt. 6 at 2.) Thereafter, Petitioner was ordered removed by an Immigration Judge and filed a timely appeal of the removal order which remains pending. (*Id.*; Dkt. 1 at 2.) Petitioner

1 / 5

argues he is being unlawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b) in violation of his Fifth Amendment rights. (Dkt. 1 at 9–10.) He asks the Court to order is immediate release or in the alternative, provide him with a bond hearing. (*Id*. at 10.)

The Court ordered Respondents to respond to Petitioner's petition on or before April 29, 2026. (Dkt. 4.) Respondents filed a timely response arguing that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1). (Dkt. 6.) Upon review of Petitioner's case, the Court finds that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioner's detention by ICE violated his rights under the Due Process Clause. Respondents argue that *Gisbert v. United States Attorney General*, 988 F.2d 1437, 1440 (5th Cir.1993), *as amended by*, 997 F.2d 1122 (5th Cir. 1993) is controlling precedent with regard to whether a noncitizen may establish a liberty interest by virtue of having lived in the United States after having been granted parole. (Dkt. 6 at 10.) The Court rejects Respondents' arguments and relies on its reasoning as stated in *Strunin*, 2026 WL 958952, at *7 n.3, and reiterates that Petitioner has a protected liberty interest in freedom from arbitrary and punitive detention by virtue of having lived in the United States since 2021.[1]

---

[1] The Court reiterates that *Gisbert* did not directly address the question of whether a noncitizen establishes a protected liberty interest by virtue of having lived in the United States after being granted parole and re-detained during the pendency of their removal proceedings; instead, it addressed claims of indefinite detention of noncitizens with felony convictions subject to final orders of exclusion. *See Gisbert*, 988 F.2d at 1441. Additionally, Respondents cite *Parra-Parra v. Ashcroft*, 96 F. App'x 178, 179 (5th Cir. 2004) (unpublished) for the proposition that *Gisbert* remains binding precedent despite *Gisbert* being decided pre-passage of Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, Pub. L. 104-208, 110 Stat. 3009, 3009-546 (1996) and pre- *Zadvydas v. Davis*, 533 U.S. 678 (2001). But *Parra-Parra* is an unpublished opinion that cites *Gisbert* for the proposition that there are no time limits on the detention of excluded aliens who have been denied entry which expressly contradicts the Supreme

As is well established, the Fifth Amendment's Due Process Clause applies to noncitizens and guarantees rights in addition to those as set out by Congress in statute. *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("even aliens shall not be … deprived of life, liberty, or property without due process of law"); *see also Yamataya v. Fisher*, 189 U.S. 86, 100-01 (1903); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976). Moreover, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action."). For this reason, punitive civil detention violates due process. *See Kansas v. Hendricks*, 521 U.S. 346-57, 356 (1997); *United States v. Salerno*, 481 U.S. 739, 746 (1987). Civil immigration detention is permissible only to the extent that it is reasonably related to the statutory purposes of ensuring appearance at proceedings and protecting the community from danger. *See Zadvydas*, 533 U.S. at 690; *Foucha*, 504 U.S. at 72 ("Due process requires that the nature of commitment bear some reasonable relation to the purpose for which the individual is committed." (citing *Jones v. United States,* 463 U.S. 354, 368 (1983)). The Court reiterates that noncitizens who have established a presence in the United States have a protected liberty interest and a right to freedom from punitive civil detention that derives from the Constitution and guarantees due process

---

Court's ruling in *Clark v. Martinez*, 543 U.S. 371 (2005). *See Clark*, 543 U.S. 371 (holding that both inadmissible and admissible aliens can be detained under 8 U.S.C. § 1231(a)(6) only for so long as reasonably necessary to achieve removal).

protections under the Fifth Amendment's Due Process Clause. *See Rodriguez v. Frink*, 2026 WL 709487, at \*4–5 (S.D. Tex. Mar. 13, 2026).

Because Petitioner's legal claims are materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has established ties to the United States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at \*7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at \*7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at \*2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at \*3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, \*5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, \*2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate

remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Motion for Summary Judgment, (Dkt. 6), is **DENIED**.

1. Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2. Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

3. Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

4. If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this April 29, 2026.

Diana Saldaña
United States District Judge